1
2
3
4                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
5                                AT SEATTLE

6   IN RE: PHENYLPROPANOLAMINE
    (PPA) PRODUCTS LIABILITY
7   LITIGATION,                              MDL NO. 1407

8   _____          ORDER GRANTING DEFEN-
                                             DANT'S MOTION FOR JUDG-
9                                            MENT ON THE PLEADINGS

10  This document relates to:

11  *London v. SmithKline Corpora-*
    *tion, C05-163*
12
13      This matter comes before the court on a motion for judgment

14  on the pleadings filed by defendant Wyeth. Specifically, Wyeth

15  moves for dismissal of plaintiff Cathie London's fraud and

16  misrepresentation, negligent misrepresentation, and conspiracy to

17  defraud claims; counts III(A), IV(A) and V(A), respectively.

18  Wyeth also asks the court to strike certain allegations found in

19  count I(A), plaintiff's strict liability claim.

20      Defendant's motion is based on this court's August 29, 2005

21  order dismissing claims of fraud and misrepresentation, negligent

22  misrepresentation and conspiracy filed by plaintiffs in sixteen

23  different cases. *See* Order Granting in Part and Denying in Part

24  Bayer Corporation's Motion, August 29, 2005. The court found that

25  plaintiffs had failed to meet the particularity requirements of

26  Fed. R. Civ. P. 9(b) for their fraud-based claims. The court also

ORDER
Page – 1 –

struck certain allegations in plaintiffs' strict liability claims based on insufficient testing and instructions and misleading advertising, claims unrecognized under Florida law. The court declined to strike allegations related to strict liability for warning defect claims, finding that such claims may be cognizable under Florida law.

Defendant Wyeth argues here that the claims in London's complaint are "virtually indistinguishable" from, "essentially verbatim" and "identical" to, and "duplicate[s]" of those dismissed in the court's August 29, 2005 order. *See* Motion for Judgment on the Pleadings at 3, 4, 5. Plaintiff does not dispute this claim, merely offering arguments on the merits of dismissal – arguments that plaintiffs before her have already made and lost.

The question before the court is not whether claims materially identical to those already dismissed should themselves be dismissed. The court has already answered that question in the affirmative, and that answer is now the law governing this MDL. The only question remaining is whether plaintiff's claims are or are not materially similar to those dismissed in the cases relating to the August 29, 2005 order. Plaintiff's response fails entirely to address this question.

The court is unable to discern differences between the complaint filed in this case and the complaint filed in those cases already dismissed. In fact, plaintiff's response to defendant's motion is in most places word-for-word identical to the

ORDER
Page – 2 –

responses of plaintiffs to which the August 29, 2005 order

pertained.[1] She makes no argument in her response that there is a

material distinction between those claims already dismissed and

her own.

For the foregoing reasons and for reasons already set forth

in the court's August 29, 2005 order, the court hereby GRANTS in

part defendant's motion for judgment on the pleadings. Counts

III(A), IV(A), and V(A) are dismissed.[2] Allegations in count I(A)

relating to strict liability for insufficient testing and in-

structions and misleading advertising are stricken.

DATED at Seattle, Washington this 27th day of February,
2006.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1]She does make one new argument; that the motion should be
evaluated according to the standard for summary judgment rather
than for a motion to dismiss. The correct standard for a 12(c)
motion, however, is essentially the same as for one brought under
12(b). *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d
1542, 155 (9th Cir. 1989). It is unclear to the court what
advantage plaintiff would gain by application of the summary
judgment standard.

[2]Plaintiff embeds in her response a "motion" to amend her
complaint, presumably to correct the defects in counts III, IV
and V. In its August 29, 2005 order, the court granted
plaintiffs' requests that they be allowed to amend their
pleadings. The procedural posture of those cases differs
materially from that presented here. Those plaintiffs, moreover,
did not ultimately amend their complaints to include the claims
herein dismissed. The court takes this as evidence that such
amendments would be futile.

ORDER
Page - 3 -